# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 24-cr-20141

v.                                Judith E. Levy
                                 United States District Judge

Isaiah Okoh,

                                 Mag. Judge Kimberly G. Altman
                Defendant.

_____/

## ORDER STRIKING DEFENDANT'S *PRO SE* MOTIONS [44, 49] AND DENYING AS MOOT THE GOVERNMENT'S MOTION TO SEAL EXHIBITS [51]

This case is before the Court on two *pro se* motions submitted by Defendant Isaiah Okoh. (ECF Nos. 44, 49.) In addition, the government filed a motion (ECF No. 51) to seal exhibits attached to one of Defendant's *pro se* motions. (ECF No. 49.) The indictment charges Defendant with (1) one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count 1), and (2) four counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2. (ECF No. 14.) Defendant has been represented by his current attorney, Solomon Bomane Idumesaro, since October 30, 2024. (ECF No. 42.)

Defendant's first *pro se* motion is dated December 7, 2024. (ECF No. 44, PageID.309, 322.) The motion is titled

> Motion To Withdraw Plea
> To Dismiss Withdraw / To Stay Forfeiture
> Disqualify Counsel / To Compel Discovery
> Dismiss With Prejudice

(*Id.* at PageID.307.) Defendant's second *pro se* motion is dated December 14, 2024. (ECF No. 49, PageID.369, 377.) That motion is titled

> Motion to Compel Discovery
> Brady v. Maryland
> Motion to Dismiss Violation
> of Due Process

(*Id.* at PageID.367.)

Defendant submitted his *pro se* motions while represented by Attorney Idumesaro. "By simultaneously proceeding *pro se* and through counsel, [Defendant] is proceeding in a 'hybrid' fashion." *United States v. Marin*, No. 1:21-cr-20406, 2022 WL 1085678, at *1 (E.D. Mich. Apr. 11, 2022) (citing *United States v. Dehar*, No. 07-20558, 2008 WL 4937855 (E.D. Mich. Nov. 14, 2008); *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). Yet

> Sixth Circuit caselaw is clear that a criminal defendant does not have a constitutional right to "hybrid representation."

2

> *United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987). A defendant has a constitutional right to be represented by counsel *or* to represent himself during his criminal proceedings, but not both. *Id.* at 97 (citing *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975)). The Sixth Circuit explained: "The right to defend *pro se* and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one constitutes a correlative assertion of the other." *Id.* at 97–98 (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)) (internal quotation marks omitted).

*Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) (emphasis in original).

The Court has discretion to decide "whether to permit a defendant to both represent himself and be represented by counsel." *United States v. Porter*, No. 19-20115, 2022 WL 1547751, at *3 (E.D. Mich. May 16, 2022) (citing *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004); *Mosely*, 810 F.2d at 98); *see United States v. Green*, 388 F.3d 918, 922–23 (6th Cir. 2004) (stating that "whether to allow . . . [hybrid] representation is 'a matter committed to the sound discretion of the trial court'" (quoting *Mosely*, 810 F.2d at 98)). However, "[s]uch discretion has very rarely been exercised to permit hybrid representation in the Sixth Circuit." *Porter*, 2022 WL 1547751, at *3; *see Miller*, 561 F. App'x at 488

3

("Hybrid representation is generally prohibited because it increases the risk of undue delay, jury confusion, and conflicts as to trial strategy." (citing *Mosely*, 810 F.2d at 98)). "[I]t is well settled that that the district court need not consider *pro se* motions filed by defendants represented by counsel." *United States v. Shephard*, No. 1:19CR443, 2021 WL 1239360, at *1 (N.D. Ohio Apr. 2, 2021) (citing *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001); *United States v. Gwiazdinski*, 141 F.3d 784, 787 (7th Cir. 1998); *McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000)); *see United States v. Hills*, No. 12-12254, 2014 WL 1400815, at *2 (E.D. Mich. Apr. 9, 2014) (striking certain *pro se* motions filed by a defendant who was represented by counsel because the court "will not allow [the defendant] to proceed in a hybrid manner in this action").

In this case, the Court will not allow Defendant to both represent himself and be represented by counsel. Accordingly, Defendant's *pro se* motions (ECF Nos. 44, 49) are stricken. Because the motions are stricken, the government's motion (ECF No. 51) to seal exhibits attached to one of Defendant's *pro se* motions (ECF No. 49) is denied as moot.

IT IS SO ORDERED.

Dated: January 15, 2025            s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY

United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager